UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DOUGLAS MARSHALL JACKSON,

        Plaintiff,

v.                                    Case No. 5:22-cv-313-WWB-PRL

RICKY D. DIXON, et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Douglas Marshall Jackson, an inmate of the Florida penal system, filed a pro se document titled "Felony Criminal Complaint" (Doc. 1), dated July 8, 2022. In the Complaint, Plaintiff asserts he was retaliatorily transferred and denied religious rights. He "demands" that criminal charges be filed immediately, and Defendants be prosecuted "to the fullest extent of the law."

Initially, the Court notes that Plaintiff did not file a request to proceed in forma pauperis or pay the filing fee. Plaintiff is a three-strikes litigant pursuant to 28 U.S.C. § 1915(g).[1] See Order and Report and Recommendation (Doc. 14), No. 3:21cv132-MCR-HTC (N.D. Fla. Feb. 9, 2021), adopted, Order (Doc. 23) (March 29, 2021). Therefore, to proceed as a pauper, Plaintiff must be in imminent danger of serious physical injury at the time a civil rights complaint is filed. See 28 U.S.C. § 1915(g). Otherwise, he must pay the

---

[1] Plaintiff is no stranger to the federal courts. He has initiated well over 100 civil rights cases and has been informed numerous times that he is a three-strikes litigant and his cases have been dismissed on that basis.

$402 filing fee. In the instant "Complaint," Plaintiff makes no allegations of being in imminent danger. Thus, he cannot proceed in forma pauperis in this case.

Regardless, insofar as Plaintiff is attempting to bring criminal charges against Defendants under 18 U.S.C. §§ 241 and 242, he cannot do so. Plaintiff, as a private citizen, does not have "a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see, e.g., Wood v. Kelly, 720 F. App'x 532, 535-36 (11th Cir. 2017) (recognizing that "18 U.S.C. §§ 241 [and] 242 . . . are criminal in nature and provide no civil remedies," nor do "these statutes create[] an individual right enforceable through § 1983"); Williams v. Univ. of Alabama Hosp. at Birmingham, 353 F. App'x 397, 398 (11th Cir. 2009) (affirming district court's dismissal of a patient's claim against a hospital for assault and bribery; recognizing that "[t]he government, not private citizens, prosecutes crimes"). Plaintiff is further advised that the Court does not initiate criminal charges against a person. Therefore, this case will be dismissed.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice and close the file.

3. The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to refile his claims, he may do so on the enclosed form. He should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** in Orlando, Florida on July 14, 2022.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

caw 7/13
c:
Douglas Marshall Jackson, #823916